# SETTLEMENT AND RELEASE AGREEMENT

THIS SETTLEMENT AND RELEASE AGREEMENT (the "Agreement") is executed this ___ day of September, 2022 by and between James A. Overcash, not individually, but solely as Chapter 7 Trustee of Pinnacle Regional Hospital, Inc., Blue Valley Surgical Associates, Rojana Realty Investments, Inc. and Joy's Majestic Paradise, Inc. (the "Trustee") and Commercial Capital Company, L.L.C. (the "Transferee"), with reference to the following:

## RECITALS

WHEREAS, on February 12, 2020 (the "Commencement Date"), Pinnacle Regional Hospital, Inc., Blue Valley Surgical Associates, Rojana Realty Investments, Inc. and Joy's Majestic Paradise, Inc. (the "Debtors") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code, in the United States Bankruptcy Court for the District of Kansas (the "Bankruptcy Court"); and

WHEREAS, on July 23, 2020, the Bankruptcy Court entered its Order Granting Trustee's Motion to Convert Jointly-Administered Bankruptcy Cases to Chapter 7 of the Bankruptcy Code Pursuant to 11 U.S.C. 1112; and

WHEREAS, on July 31, 2020, the Debtors' bankruptcy cases converted to cases under Chapter 7 of the Bankruptcy Code; and

WHEREAS, on February 11, 2022 the Trustee filed a Complaint to Avoid and Recover Transfers Pursuant to 11 U.S.C. §§ 502, 547, 548 and 550 (the "Complaint") and commenced an adversary proceeding against the Transferee in the Bankruptcy Court captioned *James A. Overcash, not individually, but solely as Chapter 7 Trustee v. Commercial Capital Company, L.L.C.,* Adv. No. 22-06010 (the "Action"); and

WHEREAS, in the Complaint, the Trustee asserts several causes of action against the Transferee including, but not limited to, actions under §§ 547, 548, and 550 of the Bankruptcy Code to avoid and recover $65,211.51 (the "Transfers") the Trustee alleges the Debtors transferred to the Transferee during the ninety (90) days prior to the Commencement Date; and

WHEREAS, the Transferee denies liability to the Debtors for the Transfers; and

WHEREAS, to resolve all disputes between the Trustee and the Transferee arising under or related to the Complaint, the Action and/or the Transfers, the Trustee and the Transferee have reached the agreement set forth herein.

NOW THEREFORE, for good and valuable consideration, the sufficiency of which is hereby acknowledged, and intending to be legally bound, the parties hereto agree as follows.

1. **Payment.** Upon execution of this Agreement by all parties hereto, no later than 5 P.M. prevailing central time ten (10) business days following the date this Agreement is approved by the Bankruptcy Court (the "Payment Deadline"), the Transferee shall remit to the Trustee by certified funds or wire transfer the amount of $17,000.00 (the "Settlement Amount") in full and final satisfaction of any liability the Transferee may have arising out of or related to the causes of

action set forth in the Complaint. Upon request, the Trustee shall provide to Transferee wire instructions for payment of the Settlement Amount. The Settlement Amount shall be delivered to the Trustee as follows:

> James A. Overcash, not individually, but solely as
> Chapter 7 Trustee
> c/o Nicholas J. Zluticky
> Stinson LLP
> 1201 Walnut, Suite 2900
> Kansas City, MO 64106

2. **502(h) Claim.** Conditioned upon execution of this Agreement by the parties hereto and timely receipt by the Trustee of the Settlement Amount on or before the Payment Deadline such that the Settlement Amount has cleared the Trustee's bank account, the Transferee shall have thirty (30) days from and after the date of this Agreement to file in the Debtors' bankruptcy cases any claim the Transferee may have under § 502(h) of the Bankruptcy Code. The Trustee agrees that such claim shall be allowed up to the Settlement Amount.

3. **501 Claim**. Conditioned upon execution of this Agreement by the parties hereto and timely receipt by the Trustee of the Settlement Amount on or before the Payment Deadline such that the Settlement Amount has cleared the Trustee's bank account, the Transferee shall have (30) days from and after the date of this Agreement to file in the Debtors' bankruptcy cases any claim the Transferee may have under § 501 of the Bankruptcy Code. The Trustee agrees not to object to such claim as untimely, but reserves the right to object to such claim on any other ground under § 502(b).

4. **Release of Transferee.** Conditioned upon the execution of this Agreement and the timely receipt by the Trustee of the Settlement Amount on or before the Payment Deadline such that the Settlement Amount has cleared the Trustee's bank account, the Trustee, the Debtors, and their respective beneficiaries, shareholders, officers, directors, employees, agents, attorneys, affiliates, heirs, representatives, assigns, and others acting on their behalf (the "Trustee Parties") release, acquit, and forever discharge the Transferee and its shareholders, officers, directors, employees, agents, attorneys, affiliates, subsidiaries, heirs, representatives, assigns, and others acting on their behalf (the "Transferee Parties") from all causes of action, suits, controversies, claims, or demands whatsoever, which the Trustee Parties had, have, or may have against the Transferee Parties arising out of or related to the Complaint, the Action and/or the Transfers, including but not limited to any claims under §§ 547-550 of the Bankruptcy Code.

5. **Release of Trustee.** Conditioned upon the execution of this Agreement, the Transferee Parties release the Trustee Parties from all causes of action, suits, controversies, claims, or demands whatsoever, which the Transferee Parties had, have, or may have against the Trustee Parties arising out of or related to the Complaint, the Action and/or the Transfers. Notwithstanding the foregoing, nothing contained herein shall be deemed a waiver, release, or modification of any § 502(h) claim the Transferee may file under Section 2 of this Agreement or of any § 501 claim the Transferee may file under Section 3 of this Agreement, and nothing in this Agreement shall be deemed a waiver of the Trustee's right to object to such claim, except as outlined in those Sections. All such rights are expressly reserved to, respectively, the Transferee and the Trustee.

2

Case 22-06010   Doc# 19-1   Filed 09/13/22   Page 2 of 4

6. **Advice of Counsel.** The Trustee and the Transferee each hereby represent and warrant that: (a) execution of this Agreement is freely and voluntarily made after they have had the opportunity to seek advice of counsel engaged by them to review this Agreement and after they have reviewed this Agreement; and (b) they are not acting under coercion, duress, or any misapprehension as to the effect of this Agreement.

7. **Authority.** By executing this Agreement, the undersigned each represents and warrants to the other signatories and parties that: (a) they are duly authorized and empowered to execute and deliver this Agreement on behalf of each party on whose behalf they are signing; and (b) this Agreement constitutes the legal, valid and binding obligation of such party, enforceable against such party in accordance with its terms.

8. **Recitals.** The Trustee and the Transferee each acknowledge and agree that the Recitals to this Agreement are true and correct to the best of their knowledge and are incorporated herein by this reference.

9. **Multiple Counterparts.** This Agreement may be executed in multiple counterpart originals, each of which shall constitute one and the same document and shall be deemed an original.

10. **Court Approval.** In conjunction with the execution of this Agreement, the Trustee will file, in the Bankruptcy Case, a motion seeking entry of an order approving the compromises described herein pursuant to Fed. R. Bankr. P. 9019 and 11 U.S.C. §§ 502, 547, 548 and 550, and this Agreement is subject to entry of a final order in the Bankruptcy Case approving this Agreement.

11. **Facsimile Execution.** This Agreement may be executed by facsimile signatures or electronic copy of each signature thereto shall be deemed to have the same force and effect as an original signature.

12. **Final Expression.** This Agreement represents a final expression of the understandings between the parties hereto and this Agreement may not be contradicted by evidence of any prior oral agreement or of a contemporaneous oral agreement or understanding between the parties hereto.

13. **No Amendments.** No amendments to this Agreement shall be effective unless such amendment is in writing and signed by all parties hereto.

14. **Severability.** Whenever possible, each provision of this Agreement will be interpreted in such manner as to be effective and valid under applicable law, but if any provision of this Agreement is held to be prohibited by or invalid under applicable law, such provision will be ineffective only to the extent of such prohibition or invalidity, without invalidating the remainder of such provision or the remaining provisions of this Agreement.

15. **Successors and Assigns.** This Agreement is binding upon and shall inure to the benefit of the parties hereto and their respective successors and assigns.

16. **Governing Law.** This Agreement shall be governed by and construed in accordance

3

Case 22-06010   Doc# 19-1   Filed 09/13/22   Page 3 of 4

with the laws of the State of Kansas.

17. **Headings.** The headings used in this Agreement are for convenience of reference only and do not constitute a part of this Agreement and shall not be deemed to limit, characterize or in any way affect any provision of this Agreement, and all provisions of this Agreement shall be enforced and construed as if no caption had been used in this Agreement.

18. **JURY WAIVER.** THE TRUSTEE AND THE TRANSFEREE EACH HEREBY IRREVOCABLY: a) WAIVE THE RIGHT TO A TRIAL BY JURY IN ANY ACTION OR PROCEEDING BROUGHT BY ANY PARTY IN CONNECTION WITH THIS AGREEMENT; b) MAKE THIS WAIVER KNOWINGLY, INTENTIONALLY, AND VOLUNTARILY; c) ACKNOWLEDGE NO RELIANCE UPON ANY ORAL OR WRITTEN STATEMENTS MADE BY ANY PARTY TO THIS AGREEMENT, OTHER THAN THOSE STATEMENTS EXPRESSLY CONTAINED HEREIN, EITHER TO INDUCE THIS WAIVER OF TRIAL BY JURY OR TO MODIFY OR NULLIFY ITS EFFECT; d) ACKNOWLEDGE READING AND UNDERSTANDING THE MEANING AND RAMIFICATIONS OF THIS WAIVER PROVISION; AND e) AGREE TO TAKE ALL SUCH ACTIONS AS MAY BE REQUIRED BY APPLICABLE LAW TO ALLOW THIS WAIVER TO BE ENFORCEABLE.

IN WITNESS WHEREOF, the parties have executed this Agreement as of the date set forth above.

**TRUSTEE:**

**James A. Overcash, not individually, but solely as Chapter 7 Trustee**

By _____

**TRANSFEREE:**

**COMMERCIAL CAPITAL COMPANY, L.L.C.**

By: _____
Name: _Mitch Bro_____
Title: _CEO_____